Case 4:22-cv-02047   Document 10   Filed on 08/22/22 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
August 22, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALBERT NAVARRO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-22-2047 |
| | § | |
| CITY OF BRYAN, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

The City Council for the City of Bryan, Texas is responsible for appointing the city's municipal court judges. Albert Navarro was appointed as a municipal court judge in June 2010, and he served in that role until he was placed on administrative paid leave in August 2021 and removed from the position in October 2021.

Sometime in 2019, and again in 2021, Navarro was allegedly informed by an unnamed individual that his "superiors" felt that he "was too lenient [in imposing] convictions against minorities, specifically[] Hispanics and African Americans." (Docket Entry No. 1, at 3). The City Council never directly addressed these concerns with Navarro. Instead, on August 4, 2021, the mayor of the City of Bryan contacted Navarro to schedule a meeting, without specifying the reason. Two days later—and before a meeting could be scheduled—the mayor sent an email to Navarro stating that the City Council decided not to renew Navarro's contract as a municipal court judge, and that his term would end on October 31, 2021.

That same afternoon, the Acting City Manager, the Chief of Police, and another officer came to Navarro's office, informed him that he was being placed on administrative leave with pay effective immediately, and escorted him off the premises. On August 10, 2021, the City issued "a

media release regarding allegations pending against Navarro." Navarro did not attach the media release to his complaint and did not explain what allegations were pending against him. The media release disclosed that Navarro had been placed on administrative leave.

Navarro believes that the City Council ended his contract because the Council wanted him to "enforce stricter punishments" against Black and Hispanic defendants. (Docket Entry No. 1, at 3). Navarro has sued the City of Bryan under 42 U.S.C. § 1983, alleging that the City violated his procedural due process rights under the Fourteenth Amendment by ending his contract without adequate notice or a hearing.

The City of Bryan moves to dismiss Navarro's claims. Based on the motion, the response, and the applicable case law, the court grants the motion to dismiss.[1] Navarro's due-process property claim is dismissed with prejudice. Navarro's due-process liberty claim is dismissed without prejudice. Navarro may amend his complaint by no later than **September 7, 2022**. Failure to do so may result in dismissal with prejudice.

I.   **The Legal Standard**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that

---

[1] The City of Bryan did not reply to Navarro's response.

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556).

A court may deny leave to amend for futility if an amended complaint would fail to state a claim upon which relief could be granted. *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 232 (5th Cir. 2012). The district court has discretion to grant or deny leave to amend. *Id.*

## II.     Analysis

"Section 1983 provides a civil remedy in federal court for violations, under color of state law, of a person's constitutionally recognized rights, privileges, or immunities." *Bledsoe v. City of Horn Lake*, 449 F.3d 650, 653 (5th Cir. 2006). "The Supreme Court [has] recognized that there may be a constitutional requirement for notice and an opportunity to be heard upon dismissal from government employment." *Hughes v. City of Garland*, 204 F.3d 223, 225 (5th Cir. 2000) (citations omitted). "The right to notice and an opportunity to be heard in this context are procedural requirements" that arise only if "the plaintiff can allege some deprivation of liberty or property as set forth in the Fourteenth Amendment." *Id.* Navarro alleges that the City of Bryan violated his due process liberty and property interests in his employment when they placed him on administrative leave and ended his contract as a municipal court judge without adequate notice or a hearing. Each claim is addressed in turn.

### A.     The Claimed Liberty Interest

An "employee may have a procedural due process right to notice and an opportunity to clear his name" when "the government discharges an employee amidst allegations of misconduct."

*Bledsoe*, 449 F.3d at 653; *see also Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 573 (1972) ("There might be cases in which a State refused to re-employ a person under such circumstances that interests in liberty would be implicated."). "Neither damage to reputation alone nor the stigma resulting from the discharge itself trigger the protections of due process. Rather, a liberty interest is infringed, and the right to notice and an opportunity to clear one's name arises, only when the employee is 'discharged in a manner that creates a false and defamatory impression about him and thus stigmatizes him and forecloses him from other employment opportunities.'" *Bledsoe*, 449 F.3d at 653 (quoting *White v. Thomas*, 660 F.2d 680, 684 (5th Cir. 1981)); *see also Roth*, 408 U.S. at 573 ("[W]here a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential.") (citation omitted)).

The Fifth Circuit "employs a seven-element 'stigma-plus-infringement' test to determine whether § 1983 affords a government employee a remedy for deprivation of liberty without notice or an opportunity to clear his name." *Bledsoe*, 449 F.3d at 653. That test requires a plaintiff to show: "(1) he was discharged; (2) stigmatizing charges were made against him in connection with the discharge; (3) the charges were false; (4) he was not provided notice or an opportunity to be heard prior to the discharge; (5) the charges were made public; (6) he requested a hearing to clear his name; and (7) the employer denied the request." *Id.*

Navarro has not alleged several of the required elements of the stigma-plus-infringement test. Navarro has not alleged that there were stigmatizing charges made against him in connection with the discharge; that the charges were false; that he requested a hearing to clear his name; or that the City Council denied the request.

Navarro alleges that stigmatizing public charges were made against him when the "Defendant released a media release regarding allegations pending against him, which were false, and disclosed publicly he was placed on administrative leave until further notice." (Docket Entry No. 8, at 7 (quotation marks omitted)). Navarro's complaint does not detail the content of the media release, including what allegations were pending against him. To determine whether charges were "stigmatizing" and "false," a complaint must set out what those charges were. Navarro's allegation that the City of Bryan issued a release "regarding allegations pending against him," without specifying those allegations, is insufficient.

Navarro has also not alleged that he requested, and was denied, a "name-clearing hearing." Navarro alleges that on August 4, 2021, the City Secretary, Mary Stratta, sent him an email that "the Mayor wanted to meet with him." (Docket Entry No. 1, at 4). Navarro responded, stating that "he [would] make himself available to meet at their discretion." (*Id.*). On August 6, 2021, the mayor sent Navarro an email stating "that the Executive Council met and decided that they [would] not renew his contract." (*Id.*). On August 10, 2021, the City of Bryan issued the media release.

To plead a due process liberty claim, Navarro must allege facts that could show that he "petition[ed] [his employer] in a manner that can be construed as asking for an opportunity to clear his name." *Bledsoe*, 449 F.3d at 653. "Such a hearing serves the purpose of 'providing a public forum or opportunity to clear one's name, not actual review of the decision to discharge the employee.'" *Dunn v. Tunica*, Case No. 3:18-CV-200-RP, 2021 WL 40266, at *8 (N.D. Miss. Jan. 5, 2021) (quoting *Hughes*, 204 F.3d at 226). Navarro did not allege that he made any attempt to publicly "confront[] the governing body that discharged him" after the mayor informed him that

the City Council would not renew his contract and the City issued a media release. *Bledsoe*, 449 F.3d at 654. Absent these allegations, Navarro's due process liberty claim fails.

### B.     The Claimed Property Interest

The Constitution does not, by itself, create property interests. *Roth*, 408 U.S. at 577. Property interests "are created and their dimensions are defined by existing rules or understandings that stem from an important source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.*

A public employee has "an enforceable expectation of continued public employment in [his or her] State . . . if the employer," by statute, ordinance, or contract, "has actually granted some form of guarantee" of continued employment. *Bishop v. Wood*, 426 U.S. 341, 344–45 (1976); *see also id.* at 344 ("A property interest in employment can . . . be created by ordinance."). A public college professor with tenure, for example, has a protected property interest in continued employment during the terms of his or her contract. *See Roth*, 408 U.S. at 576–77. An at-will employee does not have a protected property interest in continued employment.

Navarro alleges that he had an enforceable expectation of continued employment as a municipal judge under the City of Bryan's Code of Ordinances. Section 2-8(12) of the Code states:

> Any municipal judge may be removed from his or her position pursuant to state law or City Charter, including but not limited to, when a determination is made by the city council that the judge is no longer qualified for the position, has committed malfeasance, is determined to be incapable of performing his or her duties as required, is otherwise unfit for the position, or for other reasons determined by the city council as authorized by Section 8 of the City Charter. A municipal judge can only be removed by the City Council.

CITY OF BRYAN—CODE OF ORDINANCES § 2-8(12).

Navarro argues that "[t]he City's ordinance provided . . . a reasonable expectation of continued employment because [the City's] right to terminate [him] without cause [was]

6

eliminated through the City's Ordinance." (Docket Entry No. 8, at 5). The Ordinance states, however, that the City Council can remove a municipal judge from his or her position "for other reasons determined by the city council as authorized by Section 8 of the City Charter." Section 8 of the City Charter states, in relevant part, that "[t]he City Council shall appoint a city manager, municipal court judge, city attorney, and city secretary who shall hold their respective offices *at the pleasure* of the City Council." BRYAN, TEX., CITY CHARTER, § 8(a) (emphasis added). The Ordinance also states that a municipal court judge can be removed "pursuant to state law." "For well over a century, the general rule in [Texas] . . . has been that absent a specific agreement to the contrary, employment may be terminated by the employer or the employee at will, for good cause, bad cause, or no cause at all." *Cnty. of Dallas v. Wiland*, 216 S.W.3d 344, 347 (Tex. 2007).

The City Charter is clear that an appointed municipal court judge retains his or her position at the pleasure of the City Council. "At the pleasure of" means that the City Council can end the municipal court judge's employment at will. *See, e.g.*, *Tarrant Cnty v. Van Sickle*, 98 S.W.3d 358, 366 (Tex. App. 2003) ("When a sheriff's deputy serves at the pleasure of the sheriff, the sheriff can terminate the deputy's employment at will."); *Abbott v. Pollock*, 946 S.W.2d 513, 516 (Tex. App. 1997) (Texas sheriffs can hire and fire deputy sheriffs at will because "Section 85.003 [of the Texas Local Government Code] unequivocally states that deputy sheriffs 'serve *at the pleasure of the sheriff*.'" (citation omitted) (emphasis in original)); *see also Garcia v. Reeves Cnty.*, 32 F.3d 200, 203 (5th Cir. 1994). The Charter and the City Ordinance "grant[] no right to continued employment but merely condition[] an employee's removal on compliance with certain specified procedures." *Bishop*, 426 U.S. at 345.

*Evans v. City of Dallas*, 861 F.2d 846 (5th Cir. 1988), is instructive. In that case, the plaintiff argued that he had a protected property interest in his continued employment as a Dallas

7

probationary employee. The plaintiff argued that the City's personnel manual created the property interest by stating that "[v]alid reasons must exist for such discharge or reduction, and the employee must be advised of these reasons." *Id.* at 848 (citation omitted). The plaintiff "contend[ed] that the requirement of *valid* reasons, like a requirement of good or just cause, preclude[d] arbitrary termination and therefore create[d] a property right." *Id.* (emphasis in original).

The Fifth Circuit noted, however, that the Charter of the City of Dallas stated that "[a] probationary *may be discharged or reduced at any time* within said period by the City Manager, or the Head of the Department, in which said probationer is employed." *Id.* at 850 (citation omitted) (emphasis in original). The court stated that "any personnel policy manual provision must 'be construed in accordance with the Charter and may not grant a right inconsistent with the Charter.'" *Id.* (citation omitted). The court also noted that the personnel manual contained a separate provision stating that "probationary employees may be discharged 'at any time.'" "Taken as a whole," the court held, "a probationary employee may be terminated without cause at any time. At most, [the plaintiff] had a unilateral expectation of continued employment. Such an expectation is insufficient to create a property interest." *Id.*

A city ordinance, like a personnel manual, cannot conflict with a city's charter. *See Carruth v. Henderson*, 606 S.W.3d 917, 927 (Tex. App. 2020) ("A city's Charter functions as its organic law in the same nature as a constitution and . . . is therefore not capable of being repudiated by ordinance."). The City of Bryan's Charter states that a municipal court judge serves at the pleasure of the City Council. The ordinance cannot and does not conflict with the Charter. The Ordinance states that a municipal court judge can be removed from his or her position "pursuant to state law or City Charter," for reasons *including but not limited to* "when a determination is

8

made by the city council that the judge is no longer qualified for the position, has committed malfeasance, is determined to be incapable of performing his or her duties as required, is otherwise unfit for the position, or for other reasons determined by the city council as authorized by Section 8 of the City Charter." The language "including but not limited to" and "for other reasons determined by the City Council" means that the City Council is not required to articulate cause, much less good cause, for ending a municipal judge's contract.

Navarro's employment as a municipal court judge was at the will and discretion of the City Council. Navarro did not have "a property interest in his continued employment sufficient to trigger due process concerns." *Evans*, 861 F.2d at 851. Navarro's due process property claim is dismissed, with prejudice, because amendment would be futile.

### III. Conclusion

The City of Bryan's motion to dismiss, Docket Entry No. 6, is granted. Navarro's due process property claim is dismissed, with prejudice. Navarro may amend his due process liberty claim by no later than **September 12, 2022**. The City may answer or move to dismiss the amended complaint by **October 3, 2022**. The initial conference is reset to **November 16 2022,** at **11:00 C.S.T.**, by Zoom.

SIGNED on August 22, 2022, at Houston, Texas

_____
Lee H. Rosenthal
Chief United States District Judge