United States District Court
Southern District of Texas
**ENTERED**
August 30, 2023
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ALBERT NAVARRO, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-22-2047 |
| | § | |
| CITY OF BRYAN, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Albert Navarro was a Municipal Court Judge in Bryan, Texas. Three months before the end of his two-year term, the City told him that he would not be reappointed, although he would be paid through the end of his term. Based on his reaction to the City's decision, Navarro was relieved of duty with pay until his term ended.

Navarro alleges that in connection with the City's decision not to renew his contract, statements were made that he was "too lenient with convictions against minorities, especially, Hispanics and African Americans." (Docket Entry No. 11 at ¶ 31). The City responds that, as Navarro alleges, this statement was made in an executive session meeting about Navarro and was not made public by the City. The City did disclose that Navarro was placed on "paid administrative leave pending a review of an incident." (Docket Entry No. 13 at 3). Navarro contends that this was stigmatizing and entitles him to a name-clearing hearing. (Docket Entry No. 15 at 3–4).

The City moves to dismiss under Rule 12(b)(1) and 12(b)(6). It argues that nothing in its statements that Navarro's two-year contract would not be renewed and that he was relieved of duty until his term ended pending review of an unspecified incident was false, defamatory, or stigmatizing. For the reasons set forth below, the court grants the City's motion to dismiss.

## I.      The Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be

2

exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

## II.   Analysis

"Section 1983 provides a civil remedy in federal court for violations, under color of state law, of a person's constitutionally recognized rights, privileges, or immunities." *Bledsoe v. City of Horn Lake*, 449 F.3d 650, 653 (5th Cir. 2006). "The Supreme Court [has] recognized that there may be a constitutional requirement for notice and an opportunity to be heard upon dismissal from government employment." *Hughes v. City of Garland*, 204 F.3d 223, 225 (5th Cir. 2000) (citations omitted). "The right to notice and an opportunity to be heard in this context are procedural requirements" that arise only if "the plaintiff can allege some deprivation of liberty or property as set forth in the Fourteenth Amendment." *Id*. Navarro alleges that the City of Bryan violated his due process liberty interest in his employment when they placed him on administrative leave and ended his contract as a municipal court judge without adequate notice or a hearing.

An "employee may have a procedural due process right to notice and an opportunity to clear his name" when "the government discharges an employee amidst allegations of misconduct." *Bledsoe*, 449 F.3d at 653; see also *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 573 (1972) ("There might be cases in which a State refused to re-employ a person under such circumstances that interests in liberty would be implicated."). "Neither damage to reputation alone

nor the stigma resulting from the discharge itself trigger the protections of due process. Rather, a liberty interest is infringed, and the right to notice and an opportunity to clear one's name arises, only when the employee is 'discharged in a manner that creates a false and defamatory impression about him and thus stigmatizes him and forecloses him from other employment opportunities.'" *Bledsoe*, 449 F.3d at 653 (quoting *White v. Thomas*, 660 F.2d 680, 684 (5th Cir. 1981)); *see also Roth*, 408 U.S. at 573 ("[W]here a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential.") (citation omitted)).

The Fifth Circuit "employs a seven-element 'stigma-plus-infringement' test to determine whether § 1983 affords a government employee a remedy for deprivation of liberty without notice or an opportunity to clear his name." *Bledsoe*, 449 F.3d at 653. That test requires a plaintiff to show: "(1) he was discharged; (2) stigmatizing charges were made against him in connection with the discharge; (3) the charges were false; (4) he was not provided notice or an opportunity to be heard prior to the discharge; (5) the charges were made public; (6) he requested a hearing to clear his name; and (7) the employer denied the request." *Id*. The City contends that its statement was accurate and was not stigmatizing, and so did not deprive him of his liberty interest under the 14th Amendment.

To determine whether charges were "stigmatizing" and "false," a complaint must set out what those charges were. Navarro alleges that stigmatizing public charges were made against him when the "Defendant released a media release regarding allegations pending against Navarro. They disclosed he was placed on administrative leave 'pending review of an incident.'" (Docket Entry No. 11 at ¶ 23). Navarro's amended complaint does not detail the content of the media release, the allegations, or the incident.

These allegations are insufficient to trigger a right to a name clearing hearing. By contrast, in *Harris v. City of Balch Springs*, 9 F. Supp. 3d 690, 698 (N.D. Tex. 2014), "[n]otice of [plaintiff's] termination was . . . sent to all city employees by memo dated May 20, 2011, and . . . the discharge comes less than a year after [the City Manager] made public and executive session stigmatizing accusations . . . of incompetence and misappropriation of money." The court held that the plaintiff's claim to a hearing was a "closer call." *Id.* at 700. In another case, the plaintiff was fired for "poor judgment" in a context that made him seem guilty of sexual harassment even though he had been exonerated. The court held that the plaintiff had showed false and stigmatizing charges. *Wilkerson v. Univ. of N. Texas*, 223 F. Supp. 3d 592, 606 (E.D. Tex. 2016).

Here, Navarro has not alleged that the City made stigmatizing or defamatory statements about him. A statement that he was on administrative leave pending review was an accurate, non-defamatory description of his employment status at that time. Although Navarro alleges that the claims leading to him being placed on administrative leave were false, (Docket Entry No. 15 at 4), these allegations do not describe public statements that would give rise to a right to a name clearing hearing. Because the City's statement was accurate and was not stigmatizing or defamatory, Navarro is not entitled to a name clearing hearing.

The City's motion to dismiss Navarro's first amended complaint, (Docket Entry No. 13), is granted. The dismissal is with prejudice and without leave to amend, because Navarro has already amended and further amendment would be futile.

SIGNED on August 30, 2023, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge